UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

b.I.G.f.a.c.e. ENTERTAINMENT, INC. f/s/o
LAVELL CRUMP p/k/a DAVID BANNER,

        Plaintiff,

    -v-                                       No.  15 CV 5878-LTS

YOUNG MONEY ENTERTAINMENT, LLC,

        Defendant.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

On July 27, 2015, Plaintiff b.I.G.f.a.c.e. Entertainment, Inc., f/s/o Lavell Crump p/k/a David Banner ("Plaintiff") filed this action against Young Money Entertainment, LLC ("Defendant"), seeking damages for breach of two agreements the parties executed in 2008 and 2009 (the "2008 Agreement" and "2009 Agreement," respectively).  Plaintiff alleges in its Complaint (docket entry no. 1 ("Compl.")) that it satisfactorily performed all of its obligations to Defendant under both agreements, but that Defendant failed to uphold its end of the bargains. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1).

Plaintiff has moved for judgment by default pursuant to Federal Rule of Civil Procedure 55.  (<u>See</u> docket entry no. 22.)  The Clerk of this Court certified Defendant's default on February 2, 2016.  (Docket entry no. 19.)  The Court has carefully considered all of Plaintiff's submissions and, for the reasons set forth below, the grants Plaintiff's motion and enters judgment by default against Defendant in the amount of $164,303.19, plus pre-judgment interest at 9% per annum.

BACKGROUND

This case arises from two Producer Agreements between the parties. On February 8, 2008, Plaintiff and Defendant entered into the 2008 Agreement for Lavell Crump, p/k/a "David Banner" ("Banner"), to produce two master recordings entitled "La" and "Pussy Monster" embodying the musical performances of Dwayne Carter, p/k/a "Lil Wayne," for possible inclusion on Lil Wayne's album "Carter III."[1] (Grosz Decl. Ex. F ¶ 1(a)). In consideration for Banner's services, Defendant agreed to pay Plaintiff percentage of the royalties, as calculated under the 2008 Agreement, of "Carter III." (Id. ¶ 5(a).) On December 11, 2009, Plaintiff and Defendant entered into the substantially similar 2009 Agreement for Banner to produce the Lil Wayne song "Streets is Watchin" for possible inclusion on the album "We Are Young Money" in exchange for a contractually-calculated percentage of the royalties from that album. (Grosz Decl. Ex. G ¶ 1(a), 5(a).)

According to the allegations in Plaintiff's filings, Plaintiff performed its obligations under both agreements in a timely manner. "La La" was commercially released on June 10, 2008 as a track on "Tha Carter III," and "Streets is Watchin" was commercially released on December 21, 2009 as a track on Defendant's album "We Are Young Money." (Compl. ¶¶ 16, 17, 27, 28.) Although "Pussy Monster" was not released on the original cut of "Tha Carter III," it appears on current versions of the album.

Plaintiff alleges that, despite the commercial success of both "Tha Carter III" and "We Are Young Money", Defendant has failed to make any payments under the 2008 or 2009

---

[1] The album in question was released on June 10, 2008 as "Tha Carter III." The song referred to as "La" in the 2008 Agreement appears on "Tha Carter III" under the title "La La."

Agreements.  (Compl. ¶¶ 20, 30.)  Defendant has, however, provided Plaintiff with statements showing that Defendant owed a total of $154,179.76 in royalties through December 31, 2012.  (Docket entry no. 31-2; docket entry no. 31-3.)  Although Plaintiff alleges that Defendant has failed to provide statements for subsequent semi-annual periods (Compl. ¶¶ 19-20, 29-30), Plaintiff has proffered additional documentary evidence of album sales after the last statement of royalties demonstrating that that, as of June 30, 2015, Defendant owes a total of $164,303.19 in unpaid royalties.  (See docket entry nos. 24 & 26.)

## DISCUSSION

As Plaintiff has both obtained a certificate of default from the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) and demonstrated proper service, the decision whether to grant this motion for default judgment lies in the sound discretion of this Court, which must consider several factors in making its decision.  See Fed. R. Civ. P. 55(b)(2); see also Shah v. New York State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir.1999).  In deciding whether to award a default motion, the court must first determine whether "sufficiently pleaded . . . allegations of Plaintiff's Complaint, taken as true, are sufficient to establish [the defendant's] liability" with respect to the causes of action upon which a default judgment is sought.  Lenard v. Design Studio, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995)).  A plaintiff's argument for entry of a default judgment is strengthened when the court can determine that a defendant's default is "willful," which is indicated by "conduct that is more than merely negligent or careless."  S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).  The court must also consider "whether defendant has a meritorious defense to plaintiff's claims . . . [and] the level of prejudice the non-defaulting

party would suffer as a result of the denial of the motion for default judgment." MTS Logistics, Inc. v. Mangilardi Specialties, No. 08 CV 7323-LTS-FM, 2009 WL 1448955, at *1 (S.D.N.Y. May 15, 2009).

It is "well established that default judgments are disfavored." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001).  However, when a party does wilfully default, district courts are not required "to raise sua sponte affirmative defenses, which may, of course, be waived or forfeited, on behalf of an appearing party who elects not to pursue those defenses for itself." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 134-135 (2d Cir. 2011) (internal quotation marks and citation omitted).

Default judgment is appropriate in this case because Plaintiff has adequately pleaded that: (1) the 2008 and 2009 Agreements are valid contracts entered into by the parties; (2) Plaintiff performed as required by the Agreements; and (3) Defendant has failed to pay Plaintiff the consideration required by the Agreements.  The Court is unable to determine whether Defendant has a meritorious defense to Plaintiff's allegations because Defendant has presented no defense to the Court.  See MTS Logistics, 2009 WL 1448955, at *1.[2]  Additionally,

---

[2]   Both the 2008 and 2009 Agreements contain provisions that impose time limitations on Plaintiff's ability to sue Defendant in connection with royalty payments or accounting.  (See 2008 Agreement ¶ 6(g); 2009 Agreement ¶ 6(g).)  However, the Court considers Defendant's failure to appear in this action a voluntary abandonment and waiver of the contract rights it might have otherwise raised in its defense.  "Under New York law, waiver of a contract right is 'the voluntary abandonment or relinquishment of a known [contract] right.'" Randolph Equities, LLC v. Carbon Capital, Inc., 648 F. Supp 2d 507, 516 (S.D.N.Y. 2009) (quoting Jefpaul Garage Corp. v. Presbyterian Hosp., 61 N.Y.2d 442, 474 (1984)) (alteration in original).  Proof of waiver of a contract right "requires a clear manifestation of an intent by [a party] to relinquish [its] known right." Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 585 (2d Cir. 2006) (internal quotation marks and citation omitted).  While Defendant has not explicitly told the Court that it wishes to default

Defendant's non-appearance in this action and failure to respond to the Complaint and instant motion practice indicate willful conduct.  Defendant is represented by counsel, which accepted service on Defendant's behalf.  (Grosz Decl. ¶¶ 4, 5; docket entry no. 11.)  Therefore, the Court must assume that Defendant, through its counsel, has been both aware of and capable of fulfilling its obligation to appear to defend this matter.  Denying the motion would be unfairly prejudicial to Plaintiff because Defendant has failed to respond or appear.  Pursuant to Rule 55(a), the Court may enter default due to this failure.  <u>See</u> Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default").  Plaintiff has submitted documentary evidence establishing the amount of damages to which it is entitled under the Agreements.  Accordingly, Plaintiff's motion for default judgment is granted and damages shall be awarded accordingly.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted. Plaintiff shall have judgment against Defendant in the principal amount of $164,303.19, plus interest at 9% per annum from the dates on which payments to Plaintiff were contractually due. Plaintiff shall, by **October 3, 2016**, serve and submit to the Court an affidavit identifying the date each outstanding payment was contractually due, and the amount of such payment, to facilitate the computation of prejudgment interest and entry of judgment.

---

(cf. <u>Mickalis</u>, 645 F.3d at 121), Defendant's silence, despite having (at least temporarily) obtained representation, indicates that it chose to default rather than raise defenses in this action.

This Memorandum Opinion and Order resolves docket entry no. 22.

SO ORDERED.

Dated: New York, New York
September 19, 2016

                                                  /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge